UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHANE DAVID RISJAN,

    Petitioner,

v.

JOHN WETZEL el al.,

    Respondents.

CIVIL ACTION NO. 3:15-CV-00268

(MARIANI, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

On February 6, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Shane David Risjan, on January 29, 2015. (Doc. 1). The Court has reviewed the petition and supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

I. STATEMENT OF THE CASE

    A. PROCEDURAL HISTORY

On March 11, 2009, Risjan was convicted before the Court of Common Pleas of Dauphin County for involuntary deviate sexual intercourse with a child, indecent assault with a person less than thirteen years of age, indecent exposure, and corruption of minors. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.).[1] On June 29, 2009, Risjan was sentenced to a term of ten to twenty years' imprisonment. *Commonwealth v.*

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records. *Minney v. Winstead*, Civil Action No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County.

*Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.). He did not file any direct appeal from his sentence. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.).

Risjan filed a petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") in the Dauphin County Court of Common Pleas on May 7, 2012. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.). On June 17, 2014, the Court of Common Pleas dismissed Risjan's counseled PCRA petition on the ground that the court lacked jurisdiction to entertain an untimely filed PCRA petition. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.). Risjan appealed this PCRA decision to the Superior Court of Pennsylvania on July 11, 2014. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.). On December 22, 2014, the court held an on the record inquiry pursuant to *Commonwealth v. Grazier*, 731 A.2d 81 (Pa. 1988), and found that Risjan knowingly, voluntarily, and intelligently waived his right to representation for the duration of his PCRA appeal, which appears to be currently pending. *Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.).

Risjan filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 6, 2015. (Doc. 1). The undersigned United States Magistrate Judge reviewed the petition and supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and ordered Risjan to show cause why his petition should not be summarily dismissed as untimely. (Doc.

3).[2] On April 21, 2015, Risjan filed his response to the order to show cause, requesting that the statute of limitations be equitably tolled on the basis that his trial attorney and PCRA attorney abandoned his case. (Doc. 8).

B. HABEAS CLAIMS PRESENTED

The petition asserts that Risjan is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Trial counsel was ineffective for failing to file post-trial/sentencing motions regarding the sentence imposed by the court;

(2) Trial counsel was ineffective for failing to file post-sentence motions raising a weight of the evidence claim;

(3) Trial counsel was ineffective for failing to file post-sentence motions and a superior court appeal;

(4) Trial counsel was ineffective for failing to file an appeal to the superior court relating to the court's error in denying the suppression motion;

(5) Trial counsel was ineffective for failing to properly meet with petitioner and prepare him for trial and the suppression hearing;

(6) Trial counsel was ineffective for failing to object at the time of trial to the court's initial jury instructions;

(7) Trial counsel was ineffective for failing to object to the Court's final instructions to the jury relative to the elements of the charges;

(8) Trial counsel was ineffective for failing to object to the court's error in allowing a taped statement of Petitioner to be played to the jury during deliberations;

---

[2] Risjan filed a motion for extension of time to file a brief in support of his petition on April 10, 2015, after this Court entered its Show Cause Order on March 3, 2015. (Doc. 7). In support of his motion for a 30 day extension, Risjan cites Local Rule 83.32.2(C), which authorizes a petitioner <u>in a death penalty case</u> to file a brief in support of his petition within 60 days of the date of the filing of the petition. While this Court would nevertheless be inclined to grant Risjan the extension, the documents filed along with his response to this Court's Show Cause Order provide this Court with a complete picture of the equitable tolling argument sufficient to render a decision with respect to the timeliness of his petition.

- (9) Trial counsel was ineffective in failing to call a psychology expert to testify at the time of the suppression hearing;

- (10) Trial counsel was ineffective for failing to raise the claims set forth at issues 6 through 9 in a post-sentence motion or on direct appeal.

(Doc. 1, at 8). Risjan alleges in his petition that his failure to raise these issues on direct appeal or at post collateral relief proceedings was due to ineffective assistance of counsel.

## II. DISCUSSION

### A. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, 28 U.S.C. § 2244(d)(1), and the circumstances under which the limitation period may be tolled, 28 U.S.C. § 2244(d)(2).

#### 1. Calculation of the Applicable Limitation Period

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Risjan was sentenced on June 29, 2009. However, under Pennsylvania state law, Risjan had thirty (30) days after imposition of the sentence in which to file a direct appeal.

Pa. R.Crim. P. 720(A)(3). Hence, conviction became final, and the limitations period began to run on July 29, 2009, upon expiration of the applicable thirty day (30) period for filing a notice of appeal with the Pennsylvania Superior Court. Absent any applicable tolling period, Risjan had until July 29, 2010, to timely file his federal habeas petition for a writ of habeas corpus. The instant petition was filed more than four years later on February 6, 2015.

### B.  STATUTORY TOLLING

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Risjan did not file a state PCRA petition until May 7, 2012, nearly two years after the AEDPA limitations period had expired. *See Commonwealth v. Risjan*, No. CP-22-CR-000410-2008 (Dauphin County C.C.P.). Thus, the limitation period was not tolled, as "a state court petition . . . that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Danner v. Cameron*, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (brackets in original) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

### C.  EQUITABLE TOLLING

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). According to the Third Circuit, a causal relationship must exist between the alleged extraordinary circumstance and petitioner's failure to file a timely habeas petition. *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

Here, Risjan identifies three extraordinary circumstances he claims entitles him to receive equitable tolling: the failure of his trial counsel to pursue a direct appeal on his behalf; the failure of his PCRA counsel to file his first PCRA petition; and his actual innocence.

### 1. Trial Counsel's Failure to File a Direct Appeal

With respect to Rijan's claim that trial counsel's failure to file a direct appeal constitutes an extraordinary circumstance warranting equitable tolling, Risjan has failed to exercise the requisite due diligence by allowing more than two years to lapse from the date the state court conviction became final until the date he apparently discovered that his trial counsel had failed to file a direct appeal on his behalf.³

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). "This obligation does not pertain solely to the filing of the

---

³ The Court need not determine whether Risjan has demonstrated an extraordinary circumstance justifying equitable tolling of the AEDPA deadline with respect to this claim, as Risjan has not shown that he exercised reasonable diligence in filing his federal habeas petition.

federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. A diligent prisoner is one who did "what he reasonably thought was necessary to preserve his rights . . . based on information he received[.]" *Munchinski v. Wilson*, 694 F.3d 308, 332 (3d Cir. 2012) (quoting *Holmes v. Spencer*, 685 F.3d 51, 65 (1st Cir. 2012)) (alterations in original).

Equitable tolling is not appropriate for the period Risjan presumed his attorney filed a timely direct appeal (from July 29, 2009, to May 2011), because he has failed to demonstrate that he exercised the requisite reasonable diligence supporting a causal relationship between trial counsel's inaction and the untimeliness of the instant habeas petition. Indeed, pursuant to Third Circuit precedent, a habeas petitioner "must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Shannon,* 322 F.3d at 773. Specifically, it appears that Risjan made no efforts to communicate with defense counsel or the court concerning the status of any alleged direct appeal. *See Schlueter v. Varner*, 384 F.3d 69, 74-75 (3d Cir. 2004) (habeas petitioner not excused from exercising due diligence merely because he has representation during various stages of, or even throughout, his state and federal proceedings). While Risjan claims that he took affirmative steps in securing counsel to file a PCRA petition upon discovering that trial counsel

failed to file a direct appeal, he nevertheless allowed two years to pass before questioning the status of his appeal. *See Satterfield v. Johnson,* 434 F.3d 185, 196 (3d Cir. 2006) (delay of one year and eight months does not warrant equitable tolling). Accordingly, Risjan is not entitled to equitable tolling of the limitations period based on his trial counsel's failure to file to a direct appeal.

### 2. PCRA Counsel's Failure to File a Timely PCRA Petition

Risjan also seeks equitable tolling on the ground that the delay in filing his PCRA petition, and by extension his federal habeas corpus petition, was due to PCRA counsel's misconduct in affirmatively misrepresenting that they would file a PCRA petition in May of 2011, when in fact, the petition was filed May 7, 2012. (Doc. 9, at 7).

A petitioner seeking equitable tolling must show "'that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* 560 U.S. at 649. A circumstance, to be extraordinary, must be beyond the prisoner's control. However, the alleged misrepresentation is not an extraordinary circumstance in that it did not prevent Risjan from filing a federal application on time, as he retained PCRA counsel approximately one year after the AEDPA deadline had already expired. Indeed, it is irrelevant whether PCRA counsel filed the petition in May of 2011, or May of 2012, because any such filing would have been deemed untimely when considering that Risjan waited two years from the time his conviction became final to pursue post-conviction relief. As such, the failure to timely file a PCRA petition does not constitute an extraordinary circumstance that would trigger equitable tolling of the one year limitations

period for filing a federal habeas petition.[4]

### 3. Actual Innocence

Risjan also argues that equitable tolling should extend the limitations period based on the extraordinary circumstance of actual innocence. (Doc. 9, at 10). In *McQuiggin v. Perkins*, 133 S.Ct. 1924, (2013), the Supreme Court held that a convincing claim of actual innocence may overcome the AEDPA's statute of limitations. "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir.2002). On an actual innocence claim, "a petitioner must demonstrate two things. . . . First, a petitioner must present new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Saunders v. Asure*, No. 1:CV-13-3056, 2015 WL 139729, at *2 (M.D. Pa. Jan. 12, 2015)(quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Second, a petitioner must show by a preponderance of the evidence that "'no reasonable juror would have voted to find [him] guilty had the[] piece[] of evidence been available at trial." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012). The actual innocence standard "is demanding and permits review only in the extraordinary case." *House v. Bell,* 547 U.S. 518, (2006).

Risjan bases his actual innocence claim on purported new evidence consisting of a letter

---

[4] Moreover, to the extent that Risjan claims that PCRA counsel prevented him from timely filing his habeas petition by willfully refusing to return his legal materials, this argument is unavailing. While an attorney's alleged malfeasance could constitute an extraordinary circumstance triggering equitable tolling, here, the one-year filing period had already expired by the time Risjan retained counsel, pursued post-conviction relief, and requested the return of his legal file. *See Downes v. Carroll*, 348 F.Supp. 2d 296 (D. Del. 2004). Accordingly, the fact that Risjan did not have access to certain legal documents does not, on its own, warrant equitable tolling.

dated August 4, 2012, authored by his minor daughter, who suggests, rather vaguely, that Risjan is innocent. (Doc. 9, at 11). Risjan claims that the primary evidence against him at trial consisted of an eyewitness who stated she observed Risjan's minor daughter struggling on his lap in a hotel swimming pool, and statements he provided to police, admitting to sexually abusing his daughter. (Doc. 9, at 12). Accordingly, he argues that this "new evidence" demonstrates that he "never committed the crimes for which he stands convicted." (Doc. 9, at 12). While the extent of the Commonwealth's evidence against Risjan is unclear from the record, it nonetheless appears that the case would have turned on the credibility of the respective parties' witnesses, and as such, this Court cannot find the minor daughter's "recantation" consisting of the statement "I know you're innocent, why did you lie?," extracted from an unsworn letter discussing his minor daughter's five month pregnancy, as necessarily credible or reliable. *See Sistrunk*, 674 F.3d at 191 (citing *Dobbert v. Wainwright,* 468 U.S. 1231, 1233–1234 (1984) ("Recantation testimony is properly viewed with great suspicion. It . . . is very often unreliable . . . , and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction."); *Landano v. Rafferty,* 856 F.2d 569, 572 (3d Cir. 1988) ("Courts have historically viewed recantation testimony with great suspicion.")). Moreover, this "new evidence," if construed as a direct contradiction of previous testimony, is viewed with heightened skepticism, as this is a case involving the alleged recanted testimony from a victim of child sex abuse. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 241 (3d Cir. 2013) ("[R]ecantations in the child abuse context are . . . rightly viewed with skepticism.") (citing *United States v. Provost,* 969 F.2d 617, 621 (8th Cir.1992) ("[T]he skepticism about recantations is especially applicable in cases of child sexual abuse where recantation is a

recurring phenomenon."). This new evidence "simply cannot be evaluated as so probative of [Risjan's] innocence that no reasonable juror could have convicted him." *Sistrunk,* 674 F.3d at 191-92; *see also Gov't of Virgin Islands v. Edwards,* 233 F. App'x 167, 171 (3d Cir. 2007)(holding that the "recanted" testimony of a child abuse victim consisting of a statement that she forgave her father and still loved him was insufficient to entitle defendant to a new trial). Accordingly, this Court recommends that Risjan's petition (Doc. 1) be dismissed with prejudice.

### III.  RECOMMENDATION

Upon due consideration of the record and applicable law, it is recommended that:

1. The petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed;

2. The Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell,* 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); and

3. That Petitioner's motions for extension of time (Doc. 7; Doc. 8) be denied as **MOOT**.

Dated: May 7, 2015  *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANE DAVID RISJAN,

    Petitioner,

  v.

JOHN WETZEL el al.,

    Respondents.

CIVIL ACTION NO. 3:15-CV-00268

(MARIANI, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 7, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 7, 2015**

                    *s/ Karoline Mehalchick*
                    **KAROLINE MEHALCHICK**
                    **United States Magistrate Judge**