THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANE DAVID RISJAN, :
:
        **Petitioner** :
v. :   3:15-CV-268
:   (JUDGE MARIANI)
JOHN WETZEL, et al. :
:
        **Respondents.** :

## ORDER

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 10) by Magistrate Judge Mehalchick, in which the Magistrate Judge recommends dismissing with prejudice Shane David Risjan's Petition for Habeas Corpus submitted pursuant to 28 U.S.C. § 2254 (Doc. 1) as untimely filed. Petitioner Risjan has filed Objections (Doc. 11), arguing that his petition "should not be summarily dismissed without the opportunity for further development" of the record and that he "should be granted leave to amend his petition . . . or at least file a supporting memorandum of law, to include the facts demonstrating that he acted with requisite diligence in pursuing his rights."

Magistrate Judge Mehalchick's review of Risjan's petition was performed pursuant to the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides for a preliminary review of the petition by a judge, who must dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons that follow, upon *de novo* review of the

R&R and all relevant documents, the Court is not prepared to say that it is plain that petitioner is not entitled to relief. We will therefore adopt in part and overrule in part the pending R&R and direct that Risjan's petition be re-screened by the Magistrate Judge.

Risjan's petition asserts ten grounds for relief under § 2254, all of which involve claims that his trial counsel was ineffective in a multitude of ways. (Doc. 1, at 8). However, the issue presently before this Court relates solely to the question of whether Risjan's habeas petition is timely. Preliminarily, we note that Risjan does not object to the Magistrate Judge's finding that his petition is procedurally time-barred, and we adopt the R&R's analysis and finding that Petitioner is time-barred absent an equitable tolling exception. Rather, Risjan argues that he is entitled to equitable tolling of the applicable statute of limitations.

A petitioner is entitled to equitable tolling if he shows that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence." *Id.* at 653 (internal quotations omitted). While "a garden variety claim of excusable neglect" by an attorney does not warrant equitable tolling, more serious instances of attorney misconduct can constitute an "extraordinary circumstance" allowing for the application of equitable tolling. *Id.* at 651-652. Here, the Magistrate Judge asserts that

"while Risjan claims that he took affirmative steps in securing counsel to file a PCRA petition upon discovering that trial counsel failed to file a direct appeal, he nevertheless allowed two years to pass before questioning the status of his appeal" (Doc. 10, at 10), a finding that is supported by the record before her at the time of her decision. However, Risjan's Objections to the R&R include a Declaration (Doc. 11, Addendum A) which asserts in detail multiple attempts that Risjan allegedly took throughout 2009, 2010, and 2011 to inquire as to the status of his direct appeal. (*Id.* at ¶¶ 4-19). These assertions, if true, may establish the requisite reasonable diligence. Further, the record is insufficiently developed for this Court to determine whether Risjan's trial attorney engaged in sufficiently egregious conduct such as to constitute an "extraordinary circumstance." Therefore, while the petition itself does not clearly set forth facts demonstrating an entitlement to equitable tolling, it also does not "plainly appear" that Risjan is not entitled to relief. This Court's review of what Risjan has attached to his Objections suggests that there may be a basis for which his petition could be salvaged by the equitable tolling entitlement applicable to § 2254, thus making it inappropriate at this juncture for the Court to dismiss his petition with prejudice. In light of this new information, the Court believes it prudent that Risjan's petition be re-screened by the Magistrate Judge who shall also determine whether the issuance of a *Miller* notice is appropriate prior to taking any further action with respect to the petition.[1]

---

[1] *See U.S. v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) ("[U]pon receipt of pro se pleadings challenging an inmate's conviction or incarceration-whether styled as a § 2255 motion or not - a district court should issue a notice to the petitioner regarding the effect of his pleadings. This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a §

3

Therefore, this Court is not prepared at this point to conclude that Risjan's § 2254 petition can be dismissed at the screening level. Such a finding would be premature. Risjan is entitled to supplement the record with evidence that he is entitled to equitable tolling of the statute of limitations. Absent further development of the record, it is impossible at this stage in the proceedings to determine whether there are grounds for equitable tolling in this case.[2]

**AND NOW, THIS 19TH DAY OF OCTOBER, 2015**, upon *de novo* review of Magistrate Judge Mehalchick's R&R (Doc. 10), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Objections (Doc. 11) are sustained, but only to the extent that they are consistent with this Court's Order.

2. The R&R (Doc. 10) is **ADOPTED IN PART AND OVERRULED IN PART** for the reasons explained above.

---

2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period."); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (extending *Miller's* notice requirements to § 2254 actions and vacating the district court's dismissal of a § 2254 petition because Mason, as a *pro se* petitioner, was not given the required *Miller* notice and instructions). *See also, Holden v. Mechling*, 133 Fed.Appx. 21 (3d Cir. 2005) (affirming the district court's dismissal of petitioner's § 2254 writ as untimely during a screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, when the court had previously issued "the required" *Miller* notice).

[2] Upon re-screening, should the Magistrate Judge determine that Risjan's petition should be served on Respondents, nothing in this Court's Order should be construed as preventing Respondents from arguing that the equitable tolling exception does not apply in this action. Rather, the record is simply not sufficiently developed at this stage in the proceedings to determine whether Risjan's claims provide a basis for the equitable tolling of the statute of limitations. Because this Court bases its opinion on Petitioner's equitable tolling arguments, we decline at this point to address whether Risjan's assertions regarding his actual innocence have merit. Respondents may reply to this argument as they see fit.

3. The action is **REMANDED** to Magistrate Judge Mehalchick for proceedings consistent with this Order.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge